UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jose Apollo, Sr., )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>John H. Bayly, Jr., )<br>)<br>   Defendant. ) | Case: 1:17-cv-00344  (F-Deck)<br>Assigned To : Unassigned<br>Assign. Date : 2/27/2017<br>Description: Pro Se Gen. Civil Jury Demand |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a complaint and an application to proceed *in forma pauperis*. The Court will grant the application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2), which requires dismissal of a case "at any time" the court determines that the complaint is (1) frivolous, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against an immune defendant. Although this action is subject to dismissal on all three grounds, the latter is most appropriate.

Plaintiff is a resident of Washington, D.C. He sues a judge of the Superior Court of the District of Columbia for alleged decisions he made as "the screening Judge . . . that gave the green light for the $15 million . . . 2 prong Complaint for Breach of Contract & Trespass[.]" Compl. at 2. Plaintiff also alleges that the judge, among other bizarre acts, hurled obscenities and racial epithets at plaintiff in public and "for at least four (4) months[,] he had 24/7 illegal surveillance anywhere [he went] . . . and the last two perpetrators following the plaintiff on the subway, appear to [be] would be assassins." Compl. at 4. As relief, plaintiff seeks "to cure the Judicial Negligence, the invasion of privacy, the actual orchestrator of the Massive conspiracy that perpetrated the Fraud upon the court," and $1 trillion in monetary damages. *Id.* at 13.

"Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in [their] judicial capacity, unless [the] actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam) (citation omitted). Such "immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The challenged actions, such as they are, constitute judicial functions over which the respective court appears to have had jurisdiction. Therefore, defendant is absolutely immune from this lawsuit.

To the extent that some of the misconduct alleged in the prolix complaint may fall outside the scope of the judicial function, the allegations present the sort of fantastic or delusional scenarios deemed to be frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). Hence, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: February ___, 2017

_____
United States District Judge